UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHARON M. MILLER,

                    Plaintiff,

v.

MIDPOINT RESOLUTION GROUP, LLC, et al.,

                    Defendants.

**REPORT AND RECOMMENDATION**

07-CV-0310(A)(M)

---

This case was referred to me by Hon. Richard J. Arcara to conduct "all pre-trial matters," including "hearing and disposition of all non-dispositive motions" and to "hear and report upon dispositive motions." (Dkt. #5). Before me is plaintiff's motion for partial summary judgment against Midpoint Resolution Group, LLC ("Midpoint") (Dkt. #12). Because Midpoint consents to plaintiff's request for an award of partial summary judgment, I recommend that plaintiff's motion by GRANTED.

## BACKGROUND

Plaintiff commenced this action for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.*, ("FDCPA") against defendant Midpoint and its employee, David Constantine (Dkt. #1).[1] Plaintiff alleges, *inter alia*, that Mr. Constantine made false threats, submitted unauthorized electronic debits to plaintiff's bank, and threatened plaintiff with criminal prosecution in violation of 15 U.S.C. §§1692c(a)(2), 1692e, 1692e(4), 1692e(5),

---

[1] It does not appear that Mr. Constantine answered the complaint, and plaintiff has not moved for a default judgment.

1692e(7), 1692e(10), 1692e(11), 1692f, 1692c(a)(1), and 1692f(2), and 1692f(4) (Dkt. #1, ¶¶16-30, 33). As a result of this conduct, plaintiff alleges that she has suffered damages, including pecuniary loss and emotional distress (Id. at ¶34). She seeks actual damages, statutory damages, and attorney's fees (Id. at Wherefore Clause).

## DISCUSSION AND ANALYSIS

"Plaintiff seeks only an award of partial summary judgment with respect to the violations specified in [her] motion. The complaint alleges additional violations of the FDCPA, which regardless of the outcome of this motion, should be presented to the jury."[2] "Plaintiff's Memorandum of Law (Dkt. #12-4), p. 9. Plaintiff's motion also seeks to dismiss Midpoint's bona fide error defense. Id. at p. 9. Plaintiff requests that damages be determined at a trial by jury." Id. at p. 10.

In response, Midpoint "consents to the Plaintiff's request for an award of partial summary judgment with respect to the statutory violations set forth in Plaintiff's motion for partial summary judgment under the [FDCPA], and dismissing Defendant's defense under 15 U.S.C. §1692k(c), while reserving its right - - as does Plaintiff - - to a hearing on actual damages." Midpoint's Consent in Response to Plaintiff's Motion (Dkt. #18). Midpoint reserves its right to question the reasonableness of plaintiff's fee request. Affirmation of Peter A. Muth, Esq. (Dkt. #18-3), ¶2.

---

[2] Plaintiff's motion seeks judgment for violations of 15 U.S.C. §§1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(4). See Plaintiff's Memorandum of Law (Dkt. #12-4), pp. 5-7.

"[W]ith a consent judgment, the judge makes no determination of the merits of the controversy." Aguiar v. New York, 2008 WL 4386761, *11 (S.D.N.Y. 2008). Therefore, with Midpoint's consent, I recommend that plaintiff's motion be granted.

## CONCLUSION

With Midpoint's consent, I recommend that plaintiff's motion for partial summary judgment (Dkt. #12) be GRANTED, that Midpoint's bona fide error defense made pursuant to 15 U.S.C. §1692k(c) be dismissed, and that plaintiff be granted judgment determining that Midpoint is liable to her for its violations of 15 U.S.C. §§1692e(4), 1692e(5), 1692e(10), 1692f, and 1692f(4), with damages and/or attorney's fees to be determined at a later date. Pursuant to 28 U.S.C. §636(b)(1), it is hereby

ORDERED, that this Report and Recommendation be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Rule 72(b) and Local Rule 72.3(a)(3).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but was not presented to the magistrate judge in the first instance. See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co., 840 F. 2d 985 (1st Cir. 1988).

<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>  Thomas v. Arn, 474 U.S. 140 (1985); Wesolek v. Canadair Ltd., 838 F. 2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72.3(a)(3) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72.3(a)(3), or with the similar provisions of Rule 72.3(a)(2) (concerning objections to a Magistrate Judge's Report and Recommendation), may result in the District Judge's refusal to consider the objection.</u>

**SO ORDERED.**

DATED:      December 11, 2008

/s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge